UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELIZABETH LUMSDEN,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF BREMERTON POLICE DEPARTMENT, a department within the City of Bremerton,<br><br>    Defendant. | CASE NO. C19-5248 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant City of Bremerton Police Department's ("BPD") motion for summary judgment. Dkt. 14. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I.   PROCEDURAL HISTORY

On March 19, 2019, Plaintiff Elizabeth Lumsden ("Lumsden") filed suit against the BPD in the Kitsap County Superior Court for the State of Washington. Dkt. 1-2. Lumsden alleged multiple violations of state and federal antidiscrimination and employment law. *Id.* On April 3, 2019, the BPD removed the case to this Court based on federal question jurisdiction, 28 U.S.C. § 1331. Dkt. 1. On April 5, 2019, the BPD filed its answer to Lumsden's complaint, asserting affirmative defenses including failure to

name a proper party as a defendant "as the City of Bremerton Police Department is not a legal entity capable of being sued." Dkt. 4 at 23.

On December 17, 2019, the BPD moved for summary judgment. Dkt. 14. On January 13, 2020, Lumsden responded. Dkt. 16. On January 17, 2020, the BPD replied. Dkt. 17. On February 19, 2020, the BPD filed a notice of supplemental authority. Dkt. 18.

## II. FACTUAL BACKGROUND

Lumsden began work for the BPD in 2007. Dkt. 1-2, ¶ 4.2. She was diagnosed with Parkinson's Disease in October of 2011, which made some work tasks substantially more difficult for her to perform. *Id*. ¶¶ 4.4–4.6. Lumsden alleges that during the course of her employment following her diagnosis, she was discriminated against based on her disability, her disability was not accommodated, and she was retaliated against when she complained about the discrimination. She also alleges that she was retaliated against after she testified in a sexual harassment lawsuit against a sergeant in the BPD in 2014. *Id*. ¶ 4.12. Lumsden alleges the BPD's actions caused her to resign on May 11, 2018, the same day she submitted a notice of constructive discharge. *Id*. ¶ 4.66.

## III. DISCUSSION

**A.   Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which

the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.     Merits**

The BPD makes three arguments in its motion. First, it argues that as Lumsden failed to file her federal employment law claims within 90 days of the Equal Employment Opportunity Commission's ("EEOC") notice of rights letter, these claims must be dismissed with prejudice as time-barred. Dkt. 14 at 5. Second, the BPD argues that it is not a legal entity subject to suit. *Id*. at 5–7. Third, it argues that Lumsden failed to comply with state tort claim notice procedures as to her constructive discharge claim, so the claim must be dismissed as a matter of law. *Id.* at 7–8. As the Court agrees with the BPD that it is not a proper defendant, the other two issues are moot.

The BPD argues that it is nor a proper defendant and that Washington district courts "have concluded that Washington municipal police and sheriff's departments are not legal entities subject to suit." Dkt. 14 at 5 (collecting cases). It argues that while the City of Bremerton is a municipal corporation which may sue and be sued under state law, RCW 35.21.010(1), and under its city charter, Charter of the City of Bremerton, art. I, § 4, the BPD is a "department" within the City which "[e]xcept as specifically directed by the Mayor or City Attorney" may not "[n]egotiate or otherwise effect the settlement of a claim or lawsuit involving the City," Bremerton Muni. Code §§ 2.05.010, 2.92.080. *Id*.

The Court agrees with the BPD that it is not a proper defendant and that Washington courts have reached this conclusion on multiple occasions. *See, e.g. Runnels v. City of Vancouver*, No. C10-5913BHS, 2011 WL 1584442, at *10–11 (W.D. Wash. April. 27, 2011) (citing *Nolan v. Snohomish Cty.*, 59 Wn. App. 876, 883 (1990) ("because current Washington case law indicates that a police department is not a legal entity with

1 | the capacity to be sued, Defendants are entitled to summary judgment of [the plaintiff's]
2 | claims against [the police department].") The Court recently considered this issue
3 | specifically as to the City of Bremerton and the BPD in *Shaw v. City of Bremerton Police*
4 | *Department*, No. C19-5640RBL, 2020 WL 816046, at *2 (W.D. Wash. Feb. 19, 2020)
5 | ("*Shaw*"), explaining that the proposition that police and sheriff's departments are not
6 | legal entities subject to suit "is not a novel argument, nor holding."[1] The Court concluded
7 | that as the City of Bremerton was the proper party in interest, the plaintiff's failure "to
8 | name []or serve . . . the correct defendant entity is fatal to his claims against BPD." *Id*.

9 |      Lumsden argues only that her complaint specifically named the BPD as a
10 | department within the City of Bremerton and she "reasonably believes that there is no
11 | confusion for the Defendant as to who the Defendant is in this lawsuit." Dkt. 16 at 6. She
12 | argues that she served "her former employer, City of Bremerton Police Department." *Id*.
13 | The City Mayor and the City Clerk are the only two entities which may accept service for
14 | the City of Bremerton. *Shaw*, 2020 WL 816046, at *2 & n. 2 (citing RCW 4.28.080(2);
15 | Fed. R. Civ. P. 4). As Lumsden's arguments do not create a dispute of fact as to whether
16 | she has named or served a proper defendant, the Court grants the motion for summary
17 | judgment as to all of Lumsden's claims against the BPD.

**C. Leave to Amend**

19 |      Where a plaintiff fails to raise a claim properly in their pleadings but raises it in
20 | their motion for summary judgment, they should be allowed to incorporate it by

---

[1] The Court notes that the plaintiff in *Shaw* and Lumsden have the same counsel.

1 amendment under Fed. R. Civ. P. 15(b). *Jackson v. Hayakawa*, 605 F.2d 1121, 1129 (9th Cir. 1979). "[W]hen issues are raised in opposition to a motion to summary judgment that are outside the scope of the complaint, '[t]he district court should have construed [the matter raised] as a request pursuant to rule 15(b) of the Federal Rules of Civil Procedure to amend the pleadings out of time.'" *Apache Survival Coal. v. U.S.*, 21 F.3d 895, 910 (9th Cir. 1994) (quoting *Johnson v. Mateer*, 625 F.2d 240, 242 (9th Cir. 1980)).

"[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If the moving party 'was not diligent, the inquiry should end.'" *Neidermeyer v. Caldwell*, 718 F. App'x 485, 489 (9th Cir. 2017), *cert. denied*, 17-1490, 2018 WL 2046246 (U.S. Oct. 1, 2018) (quoting *Johnson*, 975 F.2d at 609).

As noted, the BPD filed its answer to Lumsden's complaint on April 5, 2019, asserting affirmative defenses including failure to name a proper party as a defendant "as the City of Bremerton Police Department is not a legal entity capable of being sued." Dkt. 4 at 23. Moreover, the deadline to amend pleadings was August 19, 2019. Dkt. 9.

In her response to BPD's motion for summary judgment, filed January 13, 2020, Lumsden offered to stipulate to add the City of Bremerton as a co-defendant to this lawsuit or to stipulate to substitute the City of Bremerton as the named defendant in place of the BPD. Dkt. 16 at 7. Though it appears possible that Lumsden's claims "can be brought against the City as the proper entity with the capacity to be sued," *Runnels*, 2011 WL 1584442, at *11 (citing *Nolan*, 59 Wn. App. at 883), the record does not show that the City has been served, would waive service, or would otherwise agree to become a defendant in this case. *See* Dkt. 17 at 3 ("the City will not voluntarily submit to be a defendant in Plaintiff's suit.").

On these facts, the Court finds that Lumsden has not been diligent in seeking to amend her complaint to name the City of Bremerton as a defendant. Therefore, the inquiry should end, *Neidermeyer*, 718 F. App'x at 489, and the Court denies leave to amend.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that the BPD's motion for summary judgment, Dkt. 14, is **GRANTED**.

The Clerk shall enter a JUDGMENT and close the case.

Dated this 15th day of May, 2020.

BENJAMIN H. SETTLE  
United States District Judge